cedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).

**YING CHEN, Petitioner,**

**v.**

**Alberto R. GONZALES,[1] Attorney General of the United States, United States Department of Justice, Michael Chertoff,[2] Secretary of the Department of Homeland Security, The Department of Homeland Security, Respondent.**

**No. 04–6495–AG.**

United States Court of Appeals, Second Circuit.

April 6, 2006.

Douglas B. Payne, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Jerry L. Short, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. PIERRE N. LEVAL, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

2. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Secretary of the Department of Homeland Security, Michael Chertoff, is automatically substituted for former Secretary Thomas Ridge as the respondent in this case.

450

Ying Chen, through counsel, petitions for review of the BIA decision affirming the decision of an Immigration Judge ("IJ") denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and the procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 158 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS*, 386 F.3d 66, 73–79 (2d Cir.2004); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 178–83 (2d Cir.2004); *Secaida–Rosales v. INS*, 331 F.3d 297, 306–13 (2d Cir.2003); *Diallo v. INS*, 232 F.3d 279, 286–88 (2d Cir.2000).

An adverse credibility determination must be based on "specific, cogent reasons" that "bear a legitimate nexus" to the finding. *Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003). Inconsistent testimony often bears a legitimate nexus to an adverse credibility finding, but it need not be fatal if it is minor and isolated, and the testimony is otherwise generally consistent, rational, and believable. *See Diallo*, 232 F.3d at 288. Finally, while an adverse credibility finding may be based on the inherent implausibility of particular allegations, *see, e.g., Jin Hui Gao v. United States Att'y Gen.*, 400 F.3d 963, 964 (2d Cir.2005), it may not be based on speculation and conjecture, *see Secaida–Rosales*, 331 F.3d at 307, 312.

We are persuaded that the IJ's findings are supported by substantial evidence. The IJ presented specific examples in the record to support his adverse credibility finding. Most significantly, the IJ pointed to the internally inconsistent testimony Petitioner provided at the hearing regarding her whereabouts, in August 1999, when the police first visited her home. Moreover, the IJ's finding regarding this inconsistency is supported by his observation that Petitioner had failed to previously mention the August 1999 incident until questioned on cross-examination. Though this Court has disapproved of an IJ's reliance on certain omissions in an alien's asylum application, the Court will, nonetheless, uphold such a ruling when the omitted facts go to the heart of the applicant's claim. *See Secaida–Rosales*, 331 F.3d at 308. Here, the August 1999 events are directly related to Petitioner's claim that Chinese police officers had persecuted her on account of an imputed political opinion.

The IJ also relied on inconsistencies between an asylum officer's recorded notes of a credible fear interview and Petitioner's testimony at the hearing. Although we have previously questioned incredibility findings based upon an asylum officer's notes, *see Ramsameachire*, 357 F.3d at 179, here, the date inconsistency was material to Petitioner's claim and was twice recorded in the asylum officer's notes. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 399 (2d Cir.2005). Further, even were we to find such reliance improper, remand would be futile because there is no possibility of a different result on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 161 (2d Cir.2006).

Because the only evidence of a threat to Petitioner's life or freedom depended upon her credibility, the adverse credibility determination in this case precludes success on the claim for withholding of removal.

*See Wu Biao Chen v. INS,* 344 F.3d 272, 275 (2d Cir.2003). As Petitioner has not adequately raised the issue before this Court, the petition for review is denied insofar as it relates to Petitioner's claim for relief under the CAT. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 542 n. 1 (2d Cir.2005).

For the forgoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).